UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD MICHAEL PORTILLO** | **CIVIL ACTION NO. 21-4319** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Richard Michael Portillo, a prisoner at Bossier Maximum Security Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 15, 2021, under 42 U.S.C. § 1983. He names the following defendants: Haughton Police Department, Officer Lilly Cody, Officer Kennon, and an unidentified officer. For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that on September 21, 2021, Officer Lilly Cody "pulled [him] over[,]" handcuffed him, and placed him in the front of a police cruiser.[1] [doc. #s 1, p. 3; 5, p. 1]. Plaintiff states that he had a bolt in his face from a previous accident. [doc. # 5, p. 1]. He also broke his jaw and fractured his arm in an unrelated incident the day before Officer Cody arrested him. *Id.* at 1-2.

When Officer Kennon[2] arrived, Plaintiff asked Kennon "for medical help" and an ambulance, informing Kennon that he had a "bolt in [his] face and jaw" and that his jaw was

---

[1] Plaintiff also refers to Officer Cody as the "arresting officer." [doc. # 1, p. 3].

[2] Plaintiff also refers to Officer Kennon as the "K-9 Unit." *Id.*

"messed up." [doc. #s 1, p. 3; 5, p. 2]. Plaintiff claims that Kennon responded, "Shut up and stop asking for medical or I will break your arm and your jaw!" [doc. # 1, p. 3]. Plaintiff claims that he then asked Officer Cody for help, but Cody did not provide any assistance. *Id.* When Plaintiff asked a third, unidentified officer for help, Kennon told Plaintiff to "shut up." *Id.*

Plaintiff summarizes that he "was threatened, intimidated, refused medical, and broken. [sic]." *Id.* The officers did not physically harm Plaintiff. [doc. # 5, p. 1].

Plaintiff received x-rays on approximately October 8, 2021, which revealed that his forearm was fractured. [doc. #s 1, p. 3; 5, p. 2]. In addition, a physician informed him that his jaw was broken. [doc. # 5, p. 2]. He lacked medication for the first 6.5 weeks. *Id.* at 1. His broken jaw was surgically repaired on November 16, 2021. [doc. #s 1, p. 3; 5, p. 2]. He appears to fault the arresting officers for the pain and suffering he endured in jail for approximately eight weeks before his surgery. [doc. # 5, p. 2]. He has not received any care for his arm; he is "still fighting to get it treated[.]" *Id.*

Plaintiff seeks monetary compensation for his mental anguish, pain, loss of income, injuries, and medical bills. *Id.* at 4. He also asks the Court to (1) terminate Officer Kennon's employment and (2) charge "all officers involved" with "threatening and intimidation." *Id.*

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

2

578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Haughton Police Department**

Plaintiff names the Haughton Police Department as a defendant. Federal Rule of Civil

Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

The Haughton Police Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977). Accordingly, the Court should dismiss Plaintiff's claims against the Haughton Police Department.

### 3. Threats and Insults

Plaintiff claims that the officers threatened, intimidated, and laughed at him. Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. Because Plaintiff does not state a claim of constitutional dimension, the Court should dismiss these claims.

### 4. Medical Care

Plaintiff states that the day before Officer Cody arrested him, he suffered a broken jaw and a fractured arm. [doc. # 5, pp. 1-2]. "A boy fell" and hit Plaintiff's "jaw and left arm" while Plaintiff was "driving [his] work truck . . . ." *Id.* at 2. Plaintiff did not "know how serious the injury was" or "the extent of the injuries until [he] got to the jail and got x-rays" weeks after his

arrest.  *Id.* at 1-2.

The officers involved did not physically harm Plaintiff.  [doc. # 5, p. 1].  Plaintiff asked Kennon and an unidentified officer for "medical help" and an ambulance, informing them that (1) he had a bolt in his face and jaw and (2) his jaw was "messed up[.]"  [doc. #s 1, p. 3; 5, pp. 1-2].  Plaintiff then told Cody that Kennon "refused [him] medical."  [doc. # 1, p. 3].

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'"  *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)).  A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim).  A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference."  *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016).  "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm.  In short, [d]eliberate indifference is an extremely high standard to meet."  *Id.* (internal quotation

marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff first faults the officers for failing to call an ambulance or failing to otherwise arrange emergency care. However, Plaintiff does not plausibly allege that any of the officers *knew* of and disregarded a substantial risk of serious harm. Plaintiff does not allege, for example, that he was in a vehicle wreck before or at the time Officer Cody "pulled [him] over," that any officer physically harmed him, or that his involvement with the officers caused his broken jaw or fractured arm. After the officers detained him, Plaintiff asked them for medical assistance. [doc. #s 1, p. 3; 5, pp. 1-2]. He does not allege that he told the officers why or how he was injured; nor does he allege that he exhibited any symptoms. Plaintiff only told the officers that his jaw was "messed up."[4] And even Plaintiff did not know the extent of his injuries at that time: he discovered the extent of his injuries over two weeks later when he

---

[4] *See Rombach v. Culpepper*, 2021 WL 2944809, at *5 (5th Cir. July 13, 2021) (finding that no defendant knew that the plaintiff was exposed to a substantial risk of serious harm where the plaintiff only told the defendants that he "did not feel well and [that] he wanted to go to the hospital."); *Roberts v. Lessard*, 841 F. App'x 691 (5th Cir. 2021) (Correctional center guards were not subjectively aware that inmate faced substantial risk of harm even though guards were aware that inmate was displaying stroke symptoms; inmate's symptoms, which included sweating, slurring speech, and trouble controlling movements, could also have suggested that he was intoxicated, and it was uncontested that guards believed the inmate was intoxicated).

received his x-ray results.[5] [doc. # 5, pp. 1-2]. At most, Plaintiff describes potential negligence,[6] essentially alleging that the officers *should have known* that he was exposed to a risk of harm.[7,8]

Further, Plaintiff does not plausibly allege that he was objectively exposed to a substantial risk of harm.[9] Plaintiff suffered injuries the day before the officers detained him, but even he did not seek care the day he was injured or the next day before he was detained. He does not allege that he was injured in any way the day the officers detained him. He also does not allege that he was en route to obtain medical care for his jaw or arm before the officers detained him. Peculiarly, he only requested care when the officers detained him. That he did not (1) seek any medical care for his injuries prior to being detained and (2) was unaware of the extent of his injuries contradicts any notion that he was exposed to a substantial risk of serious harm before the officers transported him to the jail.

---

[5] *See Moler v. Wells*, 18 F.4th 162, 168 (5th Cir. 2021) (finding that an officer did not know that the plaintiff was exposed to a substantial risk of serious harm because the plaintiff did not know the extent of his injury at the time and only told the officer that he felt minor pain in his arm); *Cleveland v. Bell*, 938 F.3d 672 (5th Cir. 2019) (finding that a prison nurse did not know the plaintiff was experiencing an emergency because the nurse thought the plaintiff was "faking" and did not believe the plaintiff).

[6] Plaintiff even describes the officers' actions as "neglect." [doc. # 5, p. 1].

[7] *See Trevino v. Hinz*, 751 F. App'x 551, 556 (5th Cir. 2018) ("Plaintiffs' own allegations show that Trevino's symptoms were initially ambiguous, and that Officers Hauck and Hinz were therefore not unreasonable in believing she did not require immediate medical attention. Trevino vomited, had several shaking episodes, and told the officers she was sick. None of these symptoms clearly indicated Trevino was undergoing an emergency necessitating immediate medical attention."); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (finding no deliberate indifference where a defendant did not believe the plaintiff's threats of suicide).

[8] If Plaintiff wishes to pursue a negligence claim, he should do so in state court.

[9] *See Rombach*, 2021 WL at *4 ("[A] plaintiff must prove objective exposure to a substantial risk of serious harm—that is, the existence of a serious medical need . . . .") (internal quotation marks and quoted source omitted).

Even assuming Plaintiff did plausibly allege that he was exposed to a substantial risk of serious harm and that the officers knew he was so exposed, he does not plausibly allege that the officers were deliberately indifferent to that risk. Choosing to transport Plaintiff—who only informed the officers that his jaw was "messed up"—to the jail rather than requesting an ambulance does not reflect deliberate indifference. Moreover, Plaintiff does not allege that the officers denied him care when he arrived at the jail or that the jail lacked the means by which to arrange care.

The officers' actions do not reflect the type of "'cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help'" that the Fifth Circuit has "recognized as necessary to constitute deliberate indifference." *See Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014); *Zaunbrecher v. Gaudin*, 641 F. App'x 340, 346 (5th Cir. 2016) (defining deliberate indifference as "egregious intentional conduct"). The Court should dismiss these claims. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet.").

Plaintiff next appears to fault the officers for the pain he suffered for weeks in jail before his surgery, as well as the pain he continues to endure. His claim is essentially that if he was never arrested and incarcerated, he would have received better care elsewhere. Consequently, he faults the medical care he received while incarcerated (weeks or months after his arrest), maintaining that the care there is of lesser quality than the care he could receive elsewhere. Plaintiff, however, does not allege that the officers were or are personally involved in or causally connected to the medical care at the detention facility. While Plaintiff would not be incarcerated but for his arrest, the officers' involvement is too attenuated to establish plausible causation. The Court should dismiss this claim.

Finally, Plaintiff claims that he did not receive any medication for the first 6.5 weeks of his incarceration. [doc. # 5, p. 1]. He does not, however, identify a responsible defendant for his lack of medication. Thus, the Court should dismiss this claim.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Richard Michael Portillo's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 31st day of January, 2022.

Kayla Dye McClusky
United States Magistrate Judge